IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2009 Session

## ELIZABETH SAMS TUETKEN v. LANCE EDWARD TUETKEN

Direct Appeal from the Circuit Court for Shelby County
No. CT-001573-01    Donna M. Fields, Judge

No. W2008-00274-COA-R3-CV - Filed August 5, 2009

This appeal involves the trial court's decision to modify an arbitrator's award in a dispute concerning the parties' parenting plan and their child support obligations. Appellant contends that the trial court erred because modification of the arbitrator's award was not permissible under the Uniform Arbitration Act. We have reviewed the trial court's order referring this dispute to the arbitrator and concluded that the Uniform Arbitration Act is inapplicable. Instead, we find that this was a non-binding dispute resolution proceeding governed by Tennessee Supreme Court Rule 31. Accordingly, we affirm the trial court's decision to modify the arbitrator's award.

**Tenn R. App. P. 3 Appeal as of Right.; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S. and DAVID R. FARMER, J., joined.

Rachael Emily Putnam, Kay Farese Turner, Memphis, Tennessee, for the Appellant, Elizabeth Sams Tuetken.

Mitchell D. Moskovitz, Adam N. Cohen, Memphis, Tennessee, for the Appellee, Lance Edward Tuetken.

## OPINION

### Background

Appellant Elizabeth Sams Tuetken ("Mother") and Appellee Lance Edward Tuetken ("Father") were divorced by decree of the Shelby County Circuit Court in 2003. The decree incorporated a parenting plan addressing issues related to the parties' two children. Under the plan, Father was required to pay child support to Mother.

In 2004, Mother and Father both filed motions in the trial court alleging civil contempt by the other parent. Mother's motion also included a request that the trial court modify the permanent

parenting plan and the final decree of divorce. On June 28, 2006, the court entered a consent order appointing "S. Denise McCrary, Attorney at Law and Rule 31 Mediator," as the "Parenting Arbitrator." The order reserved determination of the contempt motions for the court but sent issues relating to the parenting plan and child support to the Parenting Arbitrator. The order contained the following provisions:

> 5. Should there be no timely challenge to the order of the Parenting Arbitrator, then the Parenting Arbitrator shall cause his or her order to be signed by the Court.
> 6. In the event of an appeal, the decision of the arbitrator shall be binding on the parties pending the resolution of the matter by the Trial Court, and said decision shall carry with it a presumption of correctness.

The record does not contain evidence from the arbitration hearing, but on August 10, 2006, the arbitrator submitted her final findings and conclusions.

Father filed a motion in the trial court objecting to the Parenting Arbitrator's findings and conclusions. Mother contended, both at trial and on appeal, that the trial court could not consider Father's objections because the Parenting Arbitrator's ruling was intended to be final and binding. The trial court disagreed and considered Father's objections. For purposes of this appeal, we do not consider the factual circumstances surrounding the adjustment to the child support and parenting plan. Instead, we only consider whether the trial court was authorized to modify the Parenting Arbitrator's award.

Mother appeals and raises three issues, as stated in her brief, for review:

1. Did the Trial Court err in ruling that it was not prohibited from modifying the Ruling of the Arbitrator with regard to the issues raised by [Father] in his Notice of Objections to the Ruling of the Arbitrator pursuant to the Uniform Arbitration Act?
2. Did the Trial Court err in modifying the Findings and Conclusions of the Parenting Arbitrator?
3. Did the Trial Court err in ordering that an evidentiary hearing be conducted on all remaining issues raised by [Father] in his Notice of Objections to the Ruling of the Arbitrator?

**Law and Analysis**

Before addressing Mother's substantive issues, we must first determine whether Tennessee Supreme Court Rule 31 ("Rule 31") or the Uniform Arbitration Act ("UAA"), Tenn. Code Ann. §§ 29-5-301–320, applies. Mother argues that the parties agreed to submit the matter to binding arbitration under the UAA. Father asserts that they only agreed to non-binding arbitration under Rule 31.

The UAA, as adopted by Tennessee, governs private agreements to submit a dispute to arbitration. Specifically, the UAA provides:

(a) A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract....

(b) The making of an agreement described in this section providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this part and to enter judgment on an award thereunder.

Tenn. Code Ann. § 29-5-302. When the UAA applies, judicial review of an arbitrator's award is limited. *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 (Tenn. 1996). The statute lists the specific and limited circumstances under which a court may modify or vacate an arbitrator's award. Tenn. Code Ann. §§ 29-5-310, 313. Mother contends that the UAA governs and that the statutory circumstances for modification of an award do not apply. Accordingly, she argues that the trial court lacked the authority to modify the Parenting Arbitrator's award.

Rule 31, on the other hand, sets forth procedures for court-annexed alternative dispute resolution in Tennessee's trial courts. These procedures "do not affect or address the general practice of alternative dispute resolution in the private sector outside the ambit of Rule 31." Tenn. Sup. Ct. R. 31, § 1. Unlike arbitration under the UAA, Rule 31 procedures "were intended to be alternatives, not replacements, to traditional litigation." *Team Design v. Gottlieb*, 104 S.W.3d 512, 519 (Tenn. Ct. App. 2002). Furthermore, these methods "were not intended to require the parties to relinquish their decision-making right to any third party who would make their decision for them." *Id*.

Rule 31 methods of dispute resolution are initiated by the entry of an Order of Reference by the trial court. Tenn. Sup. Ct. R. 31, § 3(a). The court, with or without the parties' consent, may order the parties to participate in a Rule 31 judicial settlement conference, mediation, or case evaluation. Tenn. Sup. Ct. R. 31, § 3(b). With the parties' consent, the court may also "order the parties to participate in Non-Binding Arbitration, Mini-Trial, Summary Jury Trial, or other appropriate alternative dispute resolution proceedings." Tenn. Sup. Ct. R. 31, § 3(d). Father argues that the trial court's order referred the parties to non-binding arbitration pursuant to Tenn. Sup. Ct. R. 31, § 21. Consequently, he contends that the parties reserved their right to be heard by the trial court and that the trial court retained the authority to modify, vacate, or disregard the arbitrator's award.

The consent order entered by the trial court in this case does not mention either Rule 31 or the UAA. It refers to a "Parenting Arbitrator" but does not specify whether the arbitration is binding or non-binding. To support her argument that the arbitration was binding under the UAA, Mother relies on the following provision: "In the event of an appeal, the decision of the arbitrator shall be binding on the parties pending the resolution of the matter by the Trial Court, and said decision shall carry with it a presumption of correctness." Furthermore, both parties initialed a provision stating that "I understand that the orders of the Parenting Arbitrator can be reviewed by the Court but that

an objection must be made within the time specified in this stipulation." Mother contends that these provisions show that the parties agreed to submit the matter to binding arbitration under the UAA.

In this case, the dispute resolution proceeding was initiated by a court order rather than by a private agreement between the parties. This Court previously stated in ***Adams v. City of Lebanon***, M2001-00662-COA-R3-CV, 2002 WL 192575 (Tenn. Ct. App. Feb. 7, 2002):

> Rule 31 applies to court ordered mediation, which may be ordered by the court on its own motion, or on motion of a party. To be so ordered, there must therefore be an underlying matter before the court. The rule expressly does not govern private alternative dispute resolution.

*Id*., at *5 (internal citations omitted); ***see also***, ***Harris v. Hall***, M2000-00784-COA-R3-CV, 2001 WL 1504893, at *4 (Tenn. Ct. App. Nov. 28, 2001) (finding that Rule 31 applies when the order referring the matter to mediation "was entered by a court in the context of ongoing litigation and since the dispute resolution was attempted by a judicial officer...."). Following ***Adams*** and ***Harris,*** we find that a court-ordered dispute resolution proceeding is governed by Rule 31 unless the UAA is expressly involved. Here, the trial court's order was entered in the context of ongoing litigation, and it referred the matter to a Rule 31 Mediator to act as the "Parenting Arbitrator." The court's order, however, did not expressly provide that the UAA would govern. Accordingly, the matter before the Parenting Arbitrator was a court-annexed proceeding subject to Rule 31.

Although Rule 31 proceedings are typically non-binding, the court, in ***Gottlieb***, discussed the possibility that parties could agree to make the outcome of a Rule 31 proceeding final and binding. ***Gottlieb***, 104 S.W.3d at 528. Under Tenn. Sup. Ct. R. 31, Appendix B, ¶ 15, for example, parties are permitted to agree that an arbitrator's award in a "non-binding arbitration" proceeding will be "final and binding." *Id*. at 528. To do so, however, the parties must stipulate " in writing that the award shall be final and binding." Tenn. Sup. Ct. R. 31, Appendix B, ¶ 15. In ***Gottlieb***, the court further explained the manner in which parties can agree to make the result of a Rule 31 proceeding final and binding:

> To assure that a waiver of the fundamental right of access to the courts is knowing, voluntary, and intelligent, the record must demonstrate, at a minimum, that parties agreeing to make the outcome of a Tenn. S.Ct. R. 31 alternative dispute resolution procedure final and binding know and understand: (1) that they have a right to insist that the Tenn. S.Ct. R. 31 proceeding be non-binding, (2) that they have a right to a judicial remedy if the Tenn. S.Ct. R. 31 proceeding is unsuccessful, (3) that they may reject the outcome of a non-binding Tenn. S.Ct. R. 31 proceeding without fear of reprisal, (4) that they understand that by agreeing to make the outcome of the proceeding final and binding they are waiving their right to have their dispute adjudicated by a court and that they are limiting their right to have the outcome of the proceeding reviewed by a court, (5) that they have consulted with their lawyers in making the decision whether or not to waive the right of access to the courts or their

rights under Tenn. S.Ct. R. 31 and that their lawyers have fully advised them of the advantages and disadvantages of waiving their rights, and (6) that they voluntarily and personally waive these rights.

*Gottlieb*, 104 S.W.3d at 529. If these requirements are not met, the outcome of a Rule 31 proceeding will be considered non-binding.

This record contains no indication that the requirements listed in *Gottlieb* have been satisfied. The consent order entered by the trial court only provided that the Parenting Arbitrator's decision would be binding until the trial court conducted its own review. Without more, we cannot find that the parties satisfied the conditions necessary to make the award final and binding. Consequently, we find that the parties submitted this matter to a non-binding dispute resolution proceeding under Rule 31. Father was therefore entitled to challenge the outcome of the proceeding in the trial court, and the trial court was authorized to modify the Parenting Arbitrator's award as it deemed necessary.

The decision of the trial court is therefore affirmed. Costs are assessed to Appellant, Elizabeth Sams Tuetken.

_____
J. STEVEN STAFFORD, J.